People v Hernandez (2018 NY Slip Op 03266)





People v Hernandez


2018 NY Slip Op 03266


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


484 KA 16-00447

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GUADALUPE HERNANDEZ, II, ALSO KNOWN AS GUADALUPE HERNANDEZ, III, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered March 15, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of incarceration imposed to a definite sentence of one year and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that County Court erred in imposing an enhanced sentence without specifically warning him of that possibility if he failed to appear for sentencing. "[D]efendant did not preserve that contention for our review inasmuch as he failed to object to the alleged enhanced sentence and did not move to withdraw his plea or to vacate the judgment of conviction on that ground' . .
. , and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c])" (People v Dumbleton, 150 AD3d 1688, 1688-1689 [4th Dept 2017], lv denied 29 NY3d 1091 [2017]).
We agree with defendant, however, that the sentence is unduly harsh and severe. "[H]aving regard to the nature and circumstances of the crime and to the history and character of the defendant, [we are] of the opinion that a sentence of imprisonment [was] necessary but that it [was] unduly harsh to impose an indeterminate sentence" (Penal Law § 70.00 [former (4)]). Thus, as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence to a definite sentence of imprisonment of one year (see Penal Law § 70.00 [former (4)]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court